IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ray Anthony Harrison,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Sgt. Daniel Cotter; Investigator Shugart; and R. L. Turner,<br><br>　　　　　　Defendants. | C/A No. 0:11-02592-TMC-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Ray Anthony Harrison ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Plaintiff names employees of SCDC as defendants,[1] and complains that his disciplinary hearing and the investigation attendant thereto were marred by violations of constitutional due process. He seeks monetary damages, as well as declaratory and injunctive relief. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

---

[1] 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Page 1 of 8



## BACKGROUND

Plaintiff's Complaint stems from the institutional investigation and disciplinary hearing, conviction and sanctions pursuant to a statement made by a second inmate, Steven Tyler, which accused Plaintiff of providing Inmate Tyler with a map and escape route. Defendant Marty Shugart conducted the investigation of Plaintiff's institutional charges; Defendant R. L. Turner conducted Plaintiff's disciplinary hearing; and Defendant Daniel Cotter "is the [sergeant] over Contraband of Perry." (Compl. ¶ V, ECF No. 1 at 3.) Plaintiff alleges that the defendants failed to follow proper procedures, resulting in his loss of sixty-six days of accrued good time credit and privileges. He seeks a declaration that the defendants' acts violated his constitutional rights and federal law.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of



this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably

---

[2] Screening pursuant to § 1915A is subject to this standard as well.



read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The United States Supreme Court has determined that "[p]risoners may also claim the protections of the Due Process Clause. They may not be deprived of life, liberty, or property without due process of law." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, a prisoner's challenge to his disciplinary proceeding cannot be brought as a civil rights action under 42 U.S.C. § 1983 until he has had his disciplinary conviction overturned, as success on such claim would necessarily imply the invalidity of his disciplinary conviction.

A plaintiff cannot recover damages on a § 1983 civil rights claim for an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The rule in Heck applies to prison disciplinary convictions as well as criminal ones. Edwards v. Balisok, 520 U.S. 641 (1997). The Supreme Court has further observed that the holdings of Heck and Balisok,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.



Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).³  As Plaintiff has not indicated that his disciplinary conviction no longer stands, he cannot pursue this action under 42 U.S.C. § 1983.

Plaintiff states that he was first charged with an institutional infraction due to an incriminating statement by Inmate Tyler, and that he was subsequently cleared by a second statement by Inmate Tyler. (Compl. ¶ VIIII(4), ECF No. 1 at 5.) Plaintiff complains that, by finding him guilty after receiving two conflicting statements, the defendants committed "gross negligence." (Id.)  The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To the extent that Plaintiff's claim sounds in negligence, he cannot recover in a suit brought under 42 U.S.C. § 1983, as the Due Process Clause is not implicated by the negligent act of a state official. Daniels v. Williams, 474 U.S. 327 (1986); Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995).

Plaintiff further seeks compensation for injury to his character, as he claims that the defendants "conspired to defame" his character and "slander his name." (Compl. ¶ VIIII(4), ECF No. 1 at 5.) Such claims are actionable under state law in South Carolina, but are not considered constitutional deprivations. See, e.g., Siegert v. Gilley, 500 U.S. 226, 233 (1991); Sciolino v. City of Newport News, 480 F.3d 642, 656 (4th Cir. 2007).  Thus, they

---

³ By contrast, the United States Supreme Court has recognized that a § 1983 suit may proceed where the prisoner does not seek expungement of the disciplinary conviction *and* the court finds or assumes that no good-time credits would be eliminated by the challenged conviction.  See Muhammad v. Close, 540 U.S. 749, 754 (2004).  In Muhammad, the prisoner's challenge "could not . . . be construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence." Id. at 754-55.



can only be heard by this court either under its diversity jurisdiction or by way of supplemental jurisdiction if the Complaint presents a federal question.  United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 652-53 (4th Cir. 2006); see, e.g., Camden v. Hilton, 600 S.E.2d 88, 91 (S.C. Ct. App. 2004) (defamation).  Plaintiff's Complaint provides no basis for diversity jurisdiction and, as otherwise discussed herein, presents no viable federal question claim.

The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  28 U.S.C. § 1332(a).  Complete diversity means that no party on one side may be a citizen of the same state as any party on the other side.  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).  This court has no diversity jurisdiction over Plaintiff's claims because, according to the information provided by Plaintiff in service documents, Plaintiff and the defendants are all residents of South Carolina.  In the absence of complete diversity of citizenship, the amount in controversy is irrelevant.  28 U.S.C. § 1332; see also Exxon Mobil Corp. v. Allapattah Serv., 545 U.S. 546, 561 (2005).

Further, the court cannot exercise its supplemental jurisdiction over Plaintiff's state law claims because the Complaint's essential allegations fail to establish any claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  In other words, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction that would permit the court to exercise supplemental jurisdiction to consider any state law claims.

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 22, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).