IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Ray Anthony Harrison, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C/A No. 0:11-2592-TMC |
| ) | |
| ) | **OPINION & ORDER** |
| Sgt. Daniel Cotter, ) | |
| Investigator Shugart; and ) | |
| Mr. R.L. Turner, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, an inmate proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On December 22, 2011, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report") recommending that the complaint in this case be dismissed without prejudice. (Dkt. # 13). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. # 13 at 8). On January 9, 2012, Plaintiff filed objections to the Magistrate Judge's Report. (Dkt. # 15).

The court is charged with making a de novo determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation.") (citation omitted). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

Plaintiff is incarcerated at Perry Correctional Institution. In his Complaint, brought pursuant to §1983, Plaintiff alleges Defendants have violated his constitutional rights in regard to a disciplinary proceeding. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that in order to recover damages in a § 1983 action, a plaintiff must "prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87.

The Magistrate Judge found Plaintiff's § 1983 claims arising out of his disciplinary hearing are barred by *Heck* and *Edwards v. Balisok*, 520 U.S. 641 (1997)(extending holding in *Heck* to disciplinary proceedings). Thus, the Magistrate Judge recommended the Complaint be dismissed as Plaintiff has not shown or even alleged that his disciplinary conviction has been reversed, expunged, or otherwise declared invalid. Additionally, the Magistrate Judge found that the Complaint should be dismissed because there was no basis for diversity or supplemental jurisdiction and Plaintiff has not presented a viable federal question. While Plaintiff has filed objections, the court cannot discern any specific objections to the dispositive portions of the Magistrate Judge's Report. Plaintiff has failed to show any reason why *Heck* does not bar this court's consideration of his §1983 claims or provide any basis for federal court jurisdiction. Plaintiff merely repeats the factual allegations that he raised in his Complaint. As such, this court adopts the Magistrate Judge's recommendation that these claims be dismissed.

After a thorough review of the Report and the record in this case pursuant to the

standard set forth above, the court finds Plaintiff's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. Accordingly, the Complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

January 27, 2012  
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.